IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      )
                              )
          vs.                 )     Criminal No. 08-169
                              )
LESTER JONES,                 )
                              )
          Defendant.          )

O R D E R

AND NOW, this 20th day of October, 2008, upon consideration of Defendant Lester Jones' "Motion in Limine" (document no. 32) filed in the above-captioned matter on October 13, 2008, the Government's response thereto, and Defendant's "Supplemental Memorandum of Law in Opposition to Government's Proffer of Evidence Under Rule 404(b),"

IT IS HEREBY ORDERED that said Motion is GRANTED in part and DENIED in part.

The evidence that Defendant seeks to exclude pursuant to Rules 402, 403, and 404(b) of the Federal Rules of Evidence ("FRE") falls into the following categories:

(1) evidence that Defendant possessed narcotics and other evidence of drug dealing on the day of his arrest, and statements regarding such evidence;

(2) evidence that the firearm at issue in this case contains an obliterated serial number;

1

(3) evidence of Defendant's admission at the time of his arrest as to the possession and sale of another firearm;

(4) evidence of Defendant's statements to the police regarding another firearm that could be found in a grate outside of the apartment where he was arrested;

(5) the circumstances surrounding Defendant's prior conviction for possession of a firearm by a convicted felon;

(6) evidence that Defendant was on supervised release at the time of his arrest; and

(7) evidence that Defendant gave a false name to law enforcement officers.

As to categories (1) and (5), Defendant's motion is denied as moot, the Government having indicated that it does not intend to offer any such evidence.[1] If the Government does attempt to do so, obviously Defendant can re-assert his objection. The Court notes that the Government has indicated that it may use some of this evidence for rebuttal purposes if warranted. The Court will address any issues regarding admissibility within such context as needed.

As to category (2), Defendant has withdrawn his objection to the admission of such evidence. The Court notes, as Defendant

---

[1]  As to category (1), the Court notes that Defendant clarified the nature of his position in his Supplemental Memorandum of Law (document no. 38), stating that he objects to the introduction of evidence regarding drug dealing, but is cognizant that evidence regarding his possession of drugs on his person is inextricably tied to his statements and properly admissible. In any event, the Government has indicated that it does not seek to introduce evidence that drugs were found in the residence or on Defendant's person.

did in his brief, that the firearm at issue, which is clearly admissible, physically contains an obliterated serial number.

Accordingly, Defendant's motion is denied as moot as to categories (1), (2), and (5). As to the remaining categories, the Court notes that, as in any case, the admissibility of such evidence will depend upon the circumstances of the case and the issues actually raised at trial. Nonetheless, the Court is able to make the following findings at this time.

Rule 404(b) provides, in relevant part:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . .

In order for evidence to be admissible pursuant to Rule 404(b): (1) the evidence must have a proper purpose under Rule 404(b); (2) it must be relevant under Rule 402; (3) its probative value must outweigh its potential for unfair prejudicial effect under Rule 403; and (4) the Court must charge the jury to consider the evidence only for the limited purpose for which it is admitted. See United States v. Moore, 375 F.3d 259, 263-64 (3d Cir. 2004) (citing Huddleston v. United States, 485 U.S. 681, 691-92 (1988)). The Government "must clearly articulate how that evidence fits into a chain of logical inference, no link of which can be the inference that because the defendant committed [the other act], he therefore is more likely to

3

have committed this one." United States v. Sampson, 980 F.2d 883, 887 (3d Cir. 1992).

As the first two factors are intimately intertwined, the Court will analyze them together. See United States v. Morley, 199 F.3d 129, 133 (3d Cir. 1999). First, as to the fact that Defendant was on supervised release and the fact that a warrant had been issued for an alleged violation of that release (category (6)), even if such evidence was offered for a proper 404(b) purpose, it is not relevant. In order to establish the offense charged in this case, the Government must prove: (1) that the defendant was previously convicted, in any court, of an offense punishable by a term of imprisonment exceeding one year; (2) that the defendant knowingly possessed a firearm as charged; and (3) that the possession of the firearm was in or affecting interstate commerce. Both parties have indicated that they intend to stipulate to the first element, and evidence of Defendant's supervised release clearly has no relevance as to the third element. Therefore, to be admissible, this evidence must be relevant as to the second element, that Defendant knowingly possessed the firearm.

The Government argues that "the fact that the defendant believed that there was a warrant for his arrest for supervised release revocation explains his presence at Ms. McCray's residence." However, without some additional evidence, there is no logical inference that Defendant's presence in Ms. McCray's apartment was

because of his supervised release status. Defendant had to be somewhere, and there is no more indication that his presence at Ms. McCray's apartment was a result of "hiding out" than it was a result of any of the other myriad of legitimate reasons he may have been there. Moreover, to prove the charged offense, the Government need not establish *why* he was at Ms. McCray's residence. While, based on the apparent facts in this case, the Government will have to establish a link between Defendant and the apartment, his rationale for being there is not at issue. Accordingly, evidence that Defendant was on supervised release when arrested does not have any tendency to make the existence of any fact that is of consequence more probable or less probable than it would without the evidence. In any event, whatever theoretical probative value such evidence may have would be minimal and would be substantially outweighed by the danger of undue prejudice pursuant to FRE 403.[2]  Thus, Defendant's motion is granted as to category (6).

Defendant's use of a false name, however, is a very different matter. First, it is not really clear that Defendant's use of a false name was even a separate bad act, as it seems inextricably intertwined with the circumstances of the case, particularly to the issue of Defendant's knowledge of the illegal

---

[2]     Rule 403 provides: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

possession of a firearm. In any event, as the Government points out, use of a false name is indicative of consciousness of guilt and admissible under FRE 404(b). <u>See</u> <u>United States v. Levy</u>, 865 F.2d 551, 558 (3d Cir. 1989). Contrary to Defendant's argument, there is no indication that the probative value of Defendant's consciousness of guilt is outweighed by any danger of unfair prejudice. Indeed, Defendant does not articulate what this prejudice would be, and the Court believes that any prejudice would be minimal, as there is no indication that a jury would find knowing possession of a firearm simply because of such evidence. Regardless, the probative value of the evidence is significant, as it would directly relate to Defendant's knowing unlawful possession of a firearm.

The remaining two categories, relating to the Defendant's possession and/or knowledge of other firearms, are more difficult. The Government articulates two primary reasons why this information is admissible pursuant to FRE 404(b): (1) the evidence links Defendant to Ms. McCray's residence, where the firearm at issue was recovered, and (2) the evidence would corroborate Detective Truesdell's testimony regarding Defendant's admission as to owning the firearm at issue in this case and rebut any claim that Defendant was fabricating this claim to help out Ms. McCray.[3]

---

[3]    The Government argues that evidence of Defendant's statements to the police regarding another firearm that could be found in a grate outside of the apartment where he was arrested is not actually 404(b) evidence, since the Government does not seek to argue that the firearm was Defendant's. However, given that evidence of his knowledge of the firearm creates the
(continued...)

6

As to both reasons, and in regard to evidence of both of the other guns, it would appear that this evidence would become relevant only if Defendant does, indeed, intend to argue that his statements to Detective Trusdell regarding the firearm at issue were false or that he had little or no connection with Ms. McCray's residence. In the absence of these issues, the overwhelming effect of this evidence would be to demonstrate a propensity to commit similar bad acts, an impermissible basis under Rule 404(b).

To be sure, at the suppression hearing in this case, Defendant did indeed argue that he had not spoken truthfully about owning the firearm at issue so as to protect Ms. McCray and that the firearm was actually hers. However, the issues raised at a suppression hearing and at trial are often different, and at this point, it is unknown whether Defendant will raise these same issues at trial. If he does, then the category (3) and (4) evidence may well be relevant and admissible. If he does not, however, the evidence would be addressing matters not truly at issue and would be inadmissible under Rules 404(b) and 402, as evidence to be admitted under these rules must have some connection with a matter actually at issue. See United States v. Merriweather, 78 F.3d 1070, 1077-78 (6th Cir. 1996). In any event, the prejudicial value of such evidence, in the absence of any real dispute as to whether

---

³(...continued)
appearance that he may have exercised some degree of custody or control over it, the Court will treat this evidence as 404(b) evidence.

7

Defendant's statements to Detective Truesdell were true or false or the nature of Defendant's connection with the residence at which the firearm was recovered, would be enormous, as it would connect Defendant to two guns not at issue, creating a great likelihood that the jury would find a propensity to possess firearms. Such unfair prejudice would substantially outweigh any probative value.

However, if Defendant chooses to put these matters at issue, the Government's argument becomes much stronger. Accordingly, the Court will grant Defendant's motion as to categories (3) and (4) with the express understanding that the Government may revisit the issue if the matters discussed herein become issues at trial.

Therefore, in summary, Defendant's motion is denied as moot as to categories (1), (2), and (5). It is denied as to category (7). It is granted as to category (6). As to categories (3) and (4), it is granted without prejudice to the Government revisiting the issue if the matters discussed herein become issues at trial.

s/Alan N. Bloch
United States District Judge

ecf:    Counsel of record

8